# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON JACKSON,                          )
                                        )
              Plaintiff,        )
                                        )
vs.                                     )        CIVIL NO. 09-110-GPM
                                        )
JAMES J. DAVIDSON,                      )
                                        )
             Defendant.       )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, formerly an inmate at the Southwestern Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A,[1] which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

---

[1]While this case was under review, it appears that Plaintiff was released from confinement and, therefore, is no longer a prisoner. Plaintiff is proceeding *in forma pauperis*; thus, review is proper under 28 U.S.C. § 1915(e)(2)(B), which is identical to § 1915A(b)(1) and (2).

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009).

## THE COMPLAINT

Plaintiff alleges that on July 29, 2008, he was prescribed medication (Hydrodiuril) to control his high blood pressure by Dr. Bharat Shah. Despite his history of high blood pressure and being prescribed pressure lowering medications, it appears that the medical staff at the prison monitors Plaintiff's actual blood pressure only every 90 days. Plaintiff claims that the failure to monitor his blood pressure more frequently constitutes deliberate indifference to his serious medical condition (high blood pressure). Furthermore, Plaintiff claims that because of the inadequate monitoring of his blood pressure, it dropped so low that Plaintiff collapsed in a bathroom "splitting his head wide open" and necessitating a trip to a hospital. Plaintiff asserts that he has been switched to a different medication (Popranolol), but that the inadequate monitoring of his blood pressure continues.

## DISCUSSION

Plaintiff's complaint only names one defendant – James J. Davidson, warden at Southwestern Correctional Center – in this action. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff's complaint fails to allege any facts indicating that Defendant Davidson was directly and personally responsible for denying him adequate medical care. Moreover, the warden at a correctional facility is not liable for

every problem at the facility just because he knows (or should know) of the problem. *Burks v. Raemisch*, 555 F.3d 592, 595-596 (7th Cir. 2009). Instead, the warden is entitled to relegate to the prison's medical staff the provision of good medical care. *Id*. at 595.

To the extent that Plaintiff is attempting to assert a claim against unnamed members of the medical staff, the Court believes Plaintiff's complaint must still be dismissed. Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). An exhibit attached to Plaintiff's complaint indicates that Plaintiff's blood pressure was, in fact, measured every 90 days. The gravamen of Plaintiff's complaint is that 90 days is too long between measurements. This is a classic case where a prisoner believes that his condition should be treated (or monitored) one way and the medical staff believes that the condition should be treated (or monitored) a different way. As such, the complaint fails to allege a denial of Plaintiff's Eighth Amendment rights.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

DATED:  06/23/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge